UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
CHRISTOPHER PUGLISI, on behalf of himself
and all others similarly situated,

                   Plaintiff,           **MEMORANDUM AND ORDER**

      - against -               **08 CV 9774 (NRB)**

CITIGROUP ALTERNATIVE INVESTMENTS LLC,
CITIGROUP FIXED INCOME ALTERNATIVES,
MUNICIPAL OPPORTUNITY FUND FIVE LLC,
CITIGROUP INC., CITIGROUP GLOBAL MARKETS,
INC., REAZ ISLAM, JOHN HAVENS, JAMES
O'BRIEN,

                  Defendants,

      - and -

MAT FIVE L.L.C.,

              Nominal Defendant.
------------------------------------------X

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5\29\09

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

    On October 17, 2008, plaintiff, on behalf of himself and
all others similarly situated, filed this putative class action
in the State Supreme Court, County of New York, alleging, inter
alia, that Reaz Islam, John Havens and James O'Brien
("Management Defendants") breached their fiduciary duties under
Delaware law and that the remaining defendants aided and abetted
these breaches of fiduciary duty.  Plaintiff also brings each of
the aforementioned claims derivatively.

    Defendants filed a notice of removal on November 12, 2008
pursuant to the Class Action Fairness Act of 2005, Pub. L. No.

109-2, 119 Stat. 4 ("CAFA").   In its notice of removal, defendants maintained that the requirements for removal under CAFA have been met in this action and that none of the exceptions to CAFA applies.   Of particular importance in this case are the exceptions for cases "that solely involve[] a claim . . . that relates to the internal affairs or governance of a corporation or other form of business enterprise," 28 U.S.C. § 1332(d)(9)(B) ("the internal affairs exception"), or "that solely involve[] a claim . . . that relates to the rights, duties (including fiduciary duties) and obligations relating to or created by or pursuant to any security," 28 U.S.C. § 1332(d)(9)(C) ("the securities exception").

After briefing on the instant motion concluded, Judge Hellerstein issued an order in ECA Acquisitions, Inc. v. MAT Three LLC., No. 09 CIV. 590 (AKH) (S.D.N.Y. May 1, 2009) (order denying plaintiffs' motion to remand), in which he determined that a complaint that alleged violations of fiduciary duties, but contained other allegations that Judge Hellerstein characterized as related to "improper marketing and promotion of securities," did not fall within any of CAFA's exceptions. After the issuance of that Order, we gave plaintiff the opportunity to supplement his briefing with a letter arguing why Judge Hellerstein's decision was either (1) incorrectly decided or (2) inapposite.   After reviewing the parties' submissions and

independently examining the relevant case law, motion papers, complaint and letters submitted in this action, we conclude that Judge Hellerstein's opinion is rightly decided and that the opinion is on point.

It is not in dispute that the initial requirements for removal under CAFA, namely that there is minimal diversity, 100 or more class members, and at least $5 million in controversy, are met.  28 U.S.C. § 1332.  Consequently, the burden is on plaintiff to establish that one of the aforementioned exceptions to CAFA is applicable.  See New Jersey Carpenters Vacation Fund v. Harborview Mortgage Loan Trust, 581 F. Supp. 2d 581, 588 (S.D.N.Y. 2008).  In Estate of Pew v. Cardarelli, 527 F.3d 25, 33 (2d Cir. 2008), the Second Circuit addressed the securities exception to CAFA, holding:    "Congress intended that § 1332(d)(9)(C) . . . should be reserved for 'disputes over the meaning of the terms of a security,' such as how interest rates are to be calculated, and so on."   (citing S. Rep. No. 109-14, at 45 (2005), reprinted in  2005 U.S.C.C.A.N. 3, 42-43).

Relying, in part, on this narrow interpretation of the securities exception, Judge Hellerstein held that the following language in the ECA Acquisitions complaint brought the case outside of either exception, as the complaint contained allegations of improper marketing and promotion of securities:

"This case is another in a recent line of
cases in which investors were induced to
invest a substantial amount of money in what
was initially represented as conservative
investments that would assure reasonable
returns with minimal risk." Compl. at ¶ 3.

"From that point onward, the defendants
assured investors that investing in the
Companies was safe and would virtually
guarantee tax-free returns of between 7% and
8%. Specifically, the Companies were
promoted as investment funds that were
designed to produce stable cash
flows. . . . Investors were told that the
Companies were part of a series of funds
that employed the same type of investment
strategy . . . ." Id. at ¶ 16.

"In the [Private Placement Memoranda], the
defendants represented that the Companies'
'investment objectives' were 'to generate
attractive after-tax returns.'" Id. at ¶ 17.

"Throughout their tenure in managing the
Companies, these defendants gave investors
the impression that their investments were
conservatively managed, and that defendants
were taking steps to insulate the
investments from losses as a result of
volatility in the marketplace." Id. at ¶
42.

ECA Acquisitions, No. 09 CIV. 590, at 2-3. Judge Hellerstein

held that such "[m]is-marketing allegations plainly do not

concern solely internal affairs or corporate governance as

required under the exception provided in section 1332(d)(9)(B)

because [they concern] how the company represents itself to the

public. Moreover, by alleging that defendants falsely

advertised the investment funds, the complaint goes beyond

alleging mis-management of the funds, thereby ruling out the exception provided in section 1332(d)(9)(C)."   Id. at 3. Consequently, Judge Hellerstein denied the motion for remand.

In the case before us, plaintiff makes the following allegations in his complaint, among others, that relate to the improper marketing and promotion of the fund at issue:

> "Defendants marketed the [MAT Five Fund] in the MAT Five PPM [Private Placement Memorandum] and related marketing materials by representing that the Fund:
>
>> was a 'safe,' 'secure,' and 'low-risk' investment;
>>
>> was a conservative alternative to traditional bond funds;
>>
>> was ideal for conservative retirees, as the Fund would provide guaranteed income;
>>
>> would exploit the supply-demand imbalances in municipal markets so as to stabilize the Net Asset Value ("NAV") of the Fund by hedging municipal bond price volatility and 'lock-in' an income spread; and
>>
>> would be managed by CFIA, which would be responsible for portfolio management and risk oversight and which purportedly had extensive experience in managing over $4.3 billion of capital and $23.9 billion of leveraged assets with a strong track record of performance." Compl. at ¶ 6.
>
> "The MAT Five PPM and related materials were materially false and misleading because the Defendants failed to disclose to investors the significant challenges facing the Fund,

5

and the meager steps they were taking to face those challenges, while at the same time reaping substantial fees." Id. at ¶ 8.

"Although the MAT Five PPM and marketing materials represented that the Fund managers would regularly monitor and adequately hedge risk, the Management Defendants shirked these responsibilities and failed to disclose to investors their failure to adequately manage the Fund." Id. at ¶ 9.

"Defendants assured investors of the minimal risk to their investment by stating in the Fund's December 2006 marketing materials, that while the Fund is subject to the risk that the issuers or insurers of municipal bonds or collateral securities may default on their obligations, 'each municipal bond at the time of purchase must be rated at least Aa3 by Moody's or AA- by S&P or Fitch.'" Id. at ¶ 51 (Emphasis added).

These allegations preclude reliance on any exceptions to CAFA. First, they do not concern the internal affairs or corporate governance of the fund as is necessary to meet the exception provided in § 1332(d)(9)(B). Further, they do not merely involve disputes over the meaning of terms in the securities, as is required under § 1332(d)(9)(C). Consequently, as plaintiffs have not met their burden of demonstrating that one of these CAFA exceptions applies, their motion to remand is denied.

Two further observations are warranted here. First, although plaintiffs brought their claims in New York state court and their choice of forum ought to be given some deference, the

state law claims that plaintiff maintains should be addressed in state court are in fact Delaware state law claims. There is no advantage to having a New York state court hear Delaware state law claims over a federal court. Second, this action, involving millions of dollars and potential plaintiffs all over the country, is precisely the sort of "interstate case[] of national importance" that Congress intended to be heard in federal court when it passed CAFA. 28 U.S.C. § 1711(b)(2). Consequently, not only is removal to federal court under CAFA allowable here, but it is also the preferred course.

**SO ORDERED**

Dated:    New York, New York
          May 27, 2009

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

7

Copies of the foregoing Order have been mailed on this date to the following:

For Plaintiff Christopher Puglisi
Robert N. Cappucci, Esq.
Entwistle & Cappucci LLP
280 Park Avenue, 26th Floor
New York, NY 10017

For Citigroup Defendants
Charles E. Davidow, Esq.
Paul, Weiss, Rifkind, Wharton
  & Garrison
1615 L Street, N.W.
Washington, DC 20036-5694


For Defendant Reaz Islam
Sean R. O'Brien, Esq.
Arkin Kaplan Rice LLP
590 Madison Avenue, 35th Floor
New York, NY 10022